UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TEAM ONE PROPERTIES, LLC<br>C/O LARRY JACKSON | CIVIL ACTION |
| VERSUS | NO. 07-4493 |
| CERTAIN UNDERWRITERS<br>AT LLOYD'S, LONDON | SECTION: "C" (5) |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) filed by defendant, Certain Underwriters at Lloyd's, London ("Lloyd's") (Rec. Doc. 3). Plaintiffs, Team One Properties, LLC c/o Larry Jackson ("Team One"), oppose the motion. The motion is before the Court on the briefs, without oral argument. Having consider the memoranda of counsel, the record and the applicable law, the Court finds that the motion is **GRANTED**.

## I. BACKGROUND

Team One filed suit in federal court for damages caused by Hurricane Katrina and/or Rita allegedly due under their insurance policy with the defendant. In the complaint, Team One alleged diversity jurisdiction, claiming that the parties were diverse, and that the amount in controversy exceeded $75,000. Regarding the amount in controversy Team One claims that the policy limit is $70,000, and that they suffered a total loss of the property. Furthermore, Team One claims penalties against the defendant pursuant to Louisiana law for failing to properly

1

adjust the insurance claim. Team One alleges that the penalties and fees push their claim over the jurisdictional minimum amount. In terms of the parties citizenship, Team One claims that jurisdiction is proper because Lloyd's of London is the "Lead Underwriter," and that Lloyd's is diverse from Team One because plaintiff is a citizen of Louisiana, while Lloyd's is a citizen of Britain. Team One also asserts that the citizenship of the other members underwriters of the insurance policy are not relevant to this Court's jurisdiction. In a supplemental memorandum, Team One requests that the Court transfer the case to state court, if subject matter jurisdiction is lacking.

   In their motion to dismiss, Lloyd's asserts the long established principle that all adverse parties must be diverse for federal jurisdiction. For this case, Lloyd's argues that the plaintiff cannot share citizenship with any of the Lloyd's members that have underwritten the insurance policy at issue. Additionally, Lloyd's contradicts Team One's assertion that Lloyd's is the "Lead Underwriter." In their reply memorandum, Lloyd's states that they are not underwriters, but merely "a regulator and service provider to an insurance market where various individuals underwrite insurance risks." Rec. Doc. 10, p. 2. Lloyd's explains that there are hundreds, if not thousands, of individual underwriters backing each insurance policy, including the plaintiff's policy. Essentially, Lloyd's argues that diversity jurisdiction is lacking because some of the Lloyd's members that have underwritten the plaintiff's policy are Louisiana residents. Furthermore, Lloyd's argues that the amount in controversy requirement is not met because Team One has not alleged a claim of at least $75,000 against each Lloyd's member. Here, Lloyd's avers that this Court lacks jurisdiction because the plaintiff's claim must be divided

among all of the Lloyd's members that have underwritten the policy at issue.[1] Additionally, Lloyd's notes that the limit on Team One's insurance policy is $70,000, and that $22,405.63 has already been paid, leaving only $47,594.37 in controversy.

## II. STANDARD OF REVIEW

The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as that for a Rule 12(b)(6) motion. *U.S. v. City of New Orleans*, 2003 WL 22208578 (E.D.La.2003); *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir.1992). This Court cannot dismiss a complaint under Rule 12(b)(6) unless it appears beyond a doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitled him to relief. *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Conclusory allegations or legal conclusions, however, will not suffice to defeat a motion to dismiss. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5 Cir.1993). A court's ultimate conclusion that a case should be dismissed may rest "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. U.S.*, 74 F.3d 656, 659 (5 Cir.1996) (citations omitted).

Additionally, Team One must satisfy the test for invoking diversity jurisdiction to remain in federal court. For diversity jurisdiction, the party seeking to invoke federal jurisdiction must establish by a preponderance of the evidence that the jurisdictional amount is satisfied either (1) by demonstrating that it is apparent from the face of the petition that the claims are likely to

---

[1] In this case, the parties note that there are more than 4,000 Lloyds members that have underwritten the insurance policy.

exceed $ 75,000, or (2) by setting forth facts in controversy that support a finding of the requisite amount. *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Simon v. Walmart Stores, Inc*., 193 F.3d 848, 850 (5th Cir. 1999)).

### III. ANALYSIS

Federal diversity jurisdiction is codified by 28 U.S.C. § 1332. The statute requires that the amount in controversy exceed $75,000, and that the citizenship of the adverse parties differ. Courts have long followed the "complete diversity" rule established in *Strawbridge*. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). For complete diversity, no plaintiff can share the same state citizenship as one of the defendants. *Id*. Additionally, "the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 856 (5th Cir. 2003). In other words, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Id.*

> The Fifth Circuit has provided a detailed description of the Lloyd's insurance market:
>
> Lloyds of London is not an insurance company but rather a self-regulating entity which operates and controls an insurance market. The Lloyd's entity provides a market for the buying and selling of insurance risk among its members who collectively make up Lloyd's. Thus, a policyholder insures at Lloyd's but not with Lloyd's.
>
> The members or investors who collectively make up Lloyd's are called "Names" and they are the individuals and corporations who finance the insurance market and ultimately insure risks. Names are underwriters of Lloyd's insurance and they invest in a percentage of the policy risk in the hope of making return on their investment. Lloyd's requires Names to pay a membership fee, keep certain deposits at Lloyd's, and possess a certain degree of financial wealth. Each Name is exposed to unlimited personal liability for his proportionate share of the loss on a particular policy that the Name has subscribed to as an underwriter. Typically

hundreds of Names will subscribe to a single policy, and the liability among the Names is several, not joint.

Most Names or investors do not actively participate in the insurance market on a day to day basis. Rather, the business of insuring risk at Lloyd's is carried on by groups of Names called "Syndicates." In order to increase the efficiency of underwriting risks, a group of Names will, for a given operating year, form a "Syndicate" which will in turn subscribe to policies on behalf of all Names in the Syndicate. A typical Lloyd's policy has multiple Syndicates which collectively are responsible for 100 percent of the coverage provided by a policy. The Syndicates themselves have been said to have no independent legal identity. Thus, a Syndicate is a creature of administrative convenience through which individual investors can subscribe to a Lloyd's policy. A Syndicate bears no liability for the risk on a Lloyd's policy. Rather, all liability is born by the individual Names who belong to the various Syndicates that have subscribed to a policy.

*   *   *   *   *

In practice, since many Names through their respective Syndicates are liable on a Lloyd's policy, the active underwriter from one of the underwriting Syndicates is designated as the representative of all the Names on the policy. This single underwriter, called the "lead" underwriter on the policy, is usually the only Name disclosed on the policy with all other Names remaining anonymous. The lead underwriter is typically the first to subscribe to the policy and typically assumes the greatest amount of risk. The Lloyd's corporate entity maintains records on the identity and last known residence of Names insuring risk in the Lloyd's market. That information is kept strictly confidential.

In sum, while an insured receives a Lloyd's "policy" of insurance, what he has in fact received are numerous contractual commitments from each Name who has agreed to subscribe to the risk. The Names are jointly and severally obligated to the insured for the percentage of the risk each has agreed to assume. The insured does not have to sue each Name individually however to collect on their individual promises because the typical Lloyd's policy contains a clause providing that "any [Name] can appear as representative of all [Names]." Thus, when litigation ensues over a Lloyd's policy, the only named Lloyd's party appearing in the litigation is usually the lead underwriter on the policy. The standard Lloyd's policy states "that in any suit instituted against any one of [the Names] upon this contract, [all the Names] will abide by the final decision of such Court or of any Appellate Court in the event of an appeal." Thus, each Name is contractually bound on an individual basis to the insured to adhere to any adverse judgment reached in the suit notwithstanding that only one Name participates in the litigation as a named party. Thus, a Syndicate, being only a grouping of

>Names, has no contractual relationship with the insured.
>*Corfield*, 355 F3d at 857-59 (internal citations omitted).

In *Corfield*, the Fifth Circuit held that when a single Name sued in an individual capacity, the other Names were not parties to the suit, and thus, their citizenship was irrelevant to diversity jurisdiction. *Corfield*, 355 F3d at 864. Yet, this case presents a different question because the plaintiff is trying to recover monies under a Lloyd's policy underwritten by all of the Names that subscribed to the policy.

In *McAuslin v. Grinnell Corp*., Judge Vance addressed the issue of whether the plaintiff must be diverse from each underwriter ("Name") to establish federal jurisdiction over claims involving Lloyd's insurance policies under 28 U.S.C. § 1332. *McAuslin v. Grinnell Corp*., 2000 WL 1059850 at *2 (August 1, 2000). Following the lead of the Second Circuit and Seventh Circuits,[2] Judge Vance ruled that a Lloyd's insurance policy was organized like an unincorporated entity, and that the citizenship of each underwriter/Name was relevant for diversity jurisdiction determinations. *Id.* at *4. Indeed, Judge Vance held that diversity jurisdiction was lacking for two reasons: first, there was not complete diversity for each underwriter; second, the jurisdictional minimum amount was not satisfied as to each underwriter. *Id*.

In this case, Lloyd's has submitted an affidavit stating that two (2) of the underwriters for the plaintiff's insurance policy were residents of Louisiana on August 29, 2005, when Hurricane Katrina made landfall. Rec. Doc. 7, Exhibit C. Lloyd's has not provided information about the

---

[2] *See E.R. Squibb & Sons, Inc., v. Accident Cas. Ins. Co*., 160 F.3d 925 (2d Cir. 1998) (holding that each underwriter ("Name") must be diverse); *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314 (7th Cir. 1998) (noting that citizenship of a Lloyd's syndicate is determined by the citizenship of all participating Names).

residency of these Names when the suit was filed in August of 2007. *See, Freeport-McMoRan v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (noting, "diversity of citizenship is assessed at the time the action is filed"). However, the Court finds that it need not address the issue of citizenship for diversity jurisdiction because the amount in controversy is not met in this case.

Here, the parties agree that the plaintiff purchased an insurance policy worth $70,000. Lloyd's asserts that the plaintiff has been paid $22,405.63, leaving only $47,594.37 in controversy. Thus, even if the plaintiff is given the benefit of adding the claimed penalties and fees in an attempt to establish the amount in controversy, it is inconceivable that the jurisdictional minimum could be satisfied against the more than 4,000 Names that have underwritten the policy in question. Therefore, Team One has not established by a preponderance of the evidence that the jurisdictional minimum was in controversy as required by the Fifth Circuit. *Manguno*, 276 F.3d at 723. Consequently, this Court finds that it does not have diversity jurisdiction over the case.

Finally, the Court does not have authority to grant Team One's request for a transfer to state court. *See e.g., Holt v. Camus*, 128 F.Supp.2d 812, 817-18 (D.Md. 1999) (noting that there is no authority to transfer a case from federal court to state court, other than in cases that were previously removed); *Kier Brothers Inv. Inc. v. White*, 943 F.Supp. 1, 4 (D.D.C. 1996) (stating that a federal court must dismiss cases lacking subject matter jurisdiction, as opposed to transferring to state court). This matter was originally filed in federal court, not removed to federal court. Thus, this Court cannot transfer the case to state court.

**IV. CONCLUSION**

    Accordingly,

    IT IS ORDERED that the motion to dismiss is **GRANTED** (Rec. Doc. 3).

    New Orleans, Louisiana, this 5th day of December, 2007.

                                          HELEN G. BERRIGAN
                                          UNITED STATES DISTRICT JUDGE